[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for the dissolution of marriage brought by the plaintiff husband against the defendant wife. The wife has filed a denial and counterclaim for dissolution on the same grounds.
The plaintiff and the defendant were married at Saratoga Springs, New York, on November 20, 1991. The wife's maiden name was Stacey S. Celmer. One of the parties to this action has resided continuously in this state for at least twelve months prior to the date of this action.
The parties have one minor child issue of this marriage. The child, Alexander John, was born on December 29, 1992. Neither party is receiving assistance from the state or any other agency CT Page 7713 for said minor child.
From the evidence produced at trial, the Court finds that the responsibility for the breakdown of marriage was the actions of the defendant wife. The testimony revealed that she left her husband and is living with her boyfriend in Chicago, Illinois.
Since the Court finds that the marriage has broken down irretrievably with no reasonable prospects of reconciliation, the marriage is hereby dissolved.
Both parties are young and in good health. Each are gainfully employed and the financial affidavits reveal that the wife's income exceeds that of the husband.
Considering all of the evidence, the Court enters the following orders:
(1) The parties shall share joint legal custody of the minor child with the primary residence with the mother.
(2) The plaintiff father shall have reasonable rights of visitation. Because of the distance of travel between the respective residences, the plaintiff shall have visitation rights for one month three times a year until the minor child begins school. At that time, visitation shall be one week at Christmas from December 25th; one week at Easter; and seven weeks during the summer.
(3) The plaintiff shall pay support to the defendant for said minor child found to be Sixty-seven dollars ($67) per week according to the Child Support Guidelines except during visitation periods.
(4) The defendant shall reimburse the plaintiff for one-half (1/2) of the liabilities as listed on the plaintiff's financial affidavit except legal and deposition expenses.
(5) Medical insurance for the minor child shall be maintained as available through their employer. Each shall share equally in all unreimbursed medical expenses of the minor child. Section 46b-84d of the Connecticut General Statutes shall apply.
(6) The parties shall alternate years for claiming the minor child as an income tax exemption with the husband claiming the CT Page 7714 exemption for 1995.
(7) Taking into consideration the guidelines set forth in § 46b-82 and the earning capacity of each party, no alimony is awarded to either party.
(8) The defendant's maiden name of Stacey S. Celmer is restored.
Francis R. Quinn State Trial Referee